JUSTICE TRIEWEILER
dissenting.
I dissent from the majority opinion. I would reverse the judgment of the District Court.
Although the record in this case is less than satisfactory, it must be pointed out that due to his economic circumstances, Eugene proceeded pro se at all times prior to the District Court’s order which held him in contempt for failure to pay child support. There is no indication that he was represented when Teri filed her petition for dissolution, or when he signed the property settlement agreement which formed the basis for the District Court’s January 7, 1992, decree. Finally, he was unrepresented at the only hearing held in this matter on October 12,1993.
However, even the uninformed testimony given at that hearing established a change in circumstances since the date of the parties’ dissolution decree which was so substantial that his original child *125 support obligation was unconscionable. The District Court’s failure to modify the support obligation was unsupported by substantial evidence, and therefore, an abuse of discretion.
The uncontroverted evidence established that at the time he consented to the dissolution decree, Eugene worked as a carpenter for his father’s construction business. However, due to differences with his father, they mutually agreed to the termination of his employment shortly after the decree was entered. Eugene testified, without contradiction, that from January 1992 until the date of his hearing, his gross income was $7973.60, while his child support obligation alone was $5380. He had no automobile, no savings, and no other assets.
Eugene had never worked as a carpenter for anyone other than his father. After terminating his employment with his father, he realized that there were numerous carpenters in Missoula, but few construction jobs. Therefore, he decided that it would be in his, as well as his child’s, best interest that he reeducate himself, so he returned to school as a full-time student.
At the time of the only hearing that was held in this case, Eugene was working at McDonalds 24 hours a week, earning $5.25 per hour. His net income was $460 per month.
At the time of his hearing, Eugene proposed that his support obligation be temporarily modified, based on his reduced income, to conform to the Child Support Guidelines, and that the court establish a schedule on which he could repay his past-due support obligation. He was unable to do more.
Instead, on November 8,1993, the District Court entered its order finding him in contempt of court for failure to pay child support and ordered that: he purge himself from contempt by executing a wage assignment in the amount of $300 per month; pay his wife’s attorney fees in the amount of $242.50; pay costs in the amount of $15.50; and pay medical bills in the amount of $327.50 within 15 days.
Section 40-4-208(2)(b), MCA, provides in relevant part as follows:
Whenever the decree proposed for modification contains provisions relating to maintenance or support, modification under subsection (1) may only be made:
(i) upon a showing of changed circumstances so substantial and continuing as to make the terms unconscionable ....
A district court’s decision to modify or deny modification of a child support obligation is reviewed for an abuse of discretion. In this case, I conclude there clearly was an abuse of discretion when, under the *126 above circumstances, the District Court found that Eugene was capable of making child support payments in the amount of $300 per month; and that he quit his carpentry job only because he did not enjoy it.
The District Court made no specific findings regarding a change in circumstances or the conscionability of Eugene’s child support obligation — the factors to be considered under § 40-4-208, MCA. However, in the court’s later opinion and order denying Eugene’s motions for reconsideration and modification, the District Court stated:
The Court finds that the respondent has shown little initiative to provide support for his child, despite his contentions to the contrary. While his stated goal of furthering his education is commendable, it does not override his obligation to provide his child with support, nor constitute changed circumstance. Other fathers in similar circumstances have been diligent enough to pursue an education and provide for their children. Such is not beyond the ability of the respondent.
To the extent that these remarks by the District Court constitute its findings, they were also clearly erroneous and unsupported by any evidence in the record.
The evidence was that Eugene had borrowed substantial amounts of money since going back to school in an effort to make child support payments, but was apparently unable to continue doing so. With no assets, that should not be surprising. Furthermore, assuming that what other fathers had done under similar circumstances may have been relevant, there was simply no evidence of what any other father had done.
The majority concludes that when a person voluntarily terminates his employment, and thereby sustains a reduction in income, it is completely up to the district court’s discretion to determine whether a modification is warranted. However, that discretion is not unlimited. Where, as in this case, there were sound reasons for Eugene’s termination of his employment, and sound economic reasons for his reeducation, this Court has not served anyone’s best interest by punishing him for seeking the reeducation he needs. Where a parent makes reasonable progress toward reeducation with the objective of improving his earning capacity, it is in both his best interest, and the long-term best interest of his child, that he be encouraged, not discouraged, from doing so.
*127 The District Court has imposed a harsh obligation which Eugene is unable to meet. The alternative is that he go to jail. However, there will be little benefit to his child from his incarceration. Any pride taken by the District Court and this Court in their assumption that they have enforced another recalcitrant father’s child support obligation is unfounded. This decision will, in the long term, punish the very child it seeks to benefit. The District Court’s decision, and this Court’s opinion affirming that decision, are shortsighted and serve no one’s best interest.
For these reasons, I would reverse the judgment of the District Court.